UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **MARY ANN GACHASSIN, individually and on behalf of her deceased son, SHANNON MICHAEL LABIT** | **CIVIL ACTION NO.:** |
| **VERSUS** | **JUDGE:** |
| **LOUIS M. ACKAL as the duly elected sheriff of the Parish of Iberia, and ISAIAH ROCHON, individually, and in his official capacity as a Sheriff Deputy for the Parish of Iberia** | **MAGISTRATE:** |
| | **JURY DEMANDED** |

## COMPLAINT FOR DAMAGES

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA:

### INTRODUCTION

This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and 1988, and under the laws of Louisiana against **LOUIS M. ACKAL** as the duly elected sheriff of the Parish of Iberia, and Sheriff Deputy **ISAIAH ROCHON**, both individually, and in his official capacity as a sheriff deputy for the Parish of Iberia.

### JURISDICTION

**1.**

Jurisdiction is founded on 28 U.S.C. § 1331. The plaintiff further invokes jurisdiction of this Honorable Court, under 28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the State of Louisiana including but not limited to Articles 2315, 2315.1(3), 2315.2(3), 2315.6, 2316, and 2320, et seq., of the Louisiana Civil Code.

## VENUE

**2.**

Venue lies with this Court under 28 USC § 1391(b) (2), as the events giving rise to this claim occurred within this judicial district.

## PARTIES

**3.**

Complainant, **MARY ANN GACHASSIN** is a person of the full age of majority and a resident of Iberia Parish, Louisiana, and is the mother of the deceased, Shannon Michael Labit.

**4.**

Made joint and solidary defendants herein are the following:

(1) **LOUIS M. ACKAL as the duly elected sheriff of the Parish of Iberia**, upon information and belief, the duly elected Sheriff of the Parish of Iberia, State of Louisiana, and the employer of Iberia Parish Sheriff Deputies. Louis M. Ackal is sued herein in his official capacity as the sheriff of Iberia Parish, who can be served at his place of employment, the Iberia Parish Sheriff's Office, at 300 Iberia Street, Suite 120, New Iberia, Louisiana; and

(2) **SHERIFF DEPUTY ISAIAH ROCHON, both individually, and in his official capacity as a sheriff deputy for the Parish of Iberia,** upon information and belief, a person of the full age of majority and a resident of the Parish of Iberia, who can be served at his place of employment, the Iberia Parish Sheriff's Office, at 300 Iberia Street, New Iberia, Louisiana.

**5.**

The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

## FACTS

**6.**

At all times material hereto, including the date of his death, July 3, 2016, Shannon Michael Labit, was an adult male who suffered from mental illness, had no children, and was not married, but was survived by his mother and several siblings.

**7.**

Shannon Michael Labit's mental condition was well known in the community, including the Sheriff and deputies of the Iberia Parish Sheriff's Office, who had previous non-violent interactions with him.

**8.**

On or about July 3, 2016, Labit was involved in a dispute with two other persons near Labit's residence in the 600 block of McDonald Street in New Iberia, Louisiana, during which time it was alleged that he was armed with an knife and stabbed the two other persons.

**9.**

Deputy Rochon along with other members of the Iberia Parish Sheriff's SWAT team were called to the scene and shortly thereafter arrived at the residence of Shannon Michael Labit in response.

**10.**

In addition, several of Labit's family members, siblings and cousins, were present and tried to intervene on behalf of their mentally ill family member, indicating to the officers that Labit suffered from mental illness, fears the police, and would cooperate with and respond to his family; however, the deputies would not allow them to approach Labit.

**11.**

Instead, the deputies directly confronted and provoked Labit, who was allegedly welding a knife in plain view.

**12.**

Without other justification and only cursory attempts to use non-lethal force, Deputy Rochon pulled his service revolver and shot and killed Labit.

**13.**

Deputy Rochon's actions in shooting and killing Shannon Michael Labit was an improper use of excessive force and by allowing the situation to escalate without using non-lethal force, constituted a violation of Shannon Michael Labit's civil rights.

**14.**

At all times material hereto, Sheriff Deputy Isaiah Rochon, was in the course and scope of his employment with the Iberia Parish Sheriff's Office and was acting under color of law, while employed, controlled, and supervised by Louis M. Ackal, as the duly elected sheriff of the Parish of Iberia.

**15.**

At all times during the offenses described above, Sheriff Deputy Isaiah Rochon was engaged in a personal venture. Deputy Rochon performed the various actions described above and let his physical presence and support and the authority of his office be known during the said events.

**16.**

As a direct and proximate result of the said incidents by the defendant, plaintiff, Mary Ann Gachassin, individually and on behalf of her deceased son, Shannon Michael Labit, suffered the following injuries and damages:

(a.) Use of excessive force in violation of deceased's civil rights under 42 U.S.C. §1983;

(b.) Pain and suffering;

(c.) Mental anguish, and emotional pain and suffering;

(d.) Medical bills and expenses;

(e.) Loss of enjoyment of life;

(f.) Loss of future companionship;

(g.) Loss of love and affection;

(h.) Grief;

(i.) Funeral expenses incurred for the burial of Shannon Michael Labit;

(j.) For all damages allowed under Civil Code Article 2315.1;

(k.) For all damages allowed under Civil Code Article 2315.2;

(l.) Pain and suffering of Shannon Michael Labit from the time of his injuries until death;

(m.) Attorney's fees pursuant to 42 U.S.C. § 1988; and

(n.) Punitive damages against Sheriff Deputy Isaiah Rochon in his personal capacity.

**17.**

The actions of Sheriff Deputy Isaiah Rochon violated the following, clearly established and well-settled federal and state constitutional rights of Shannon Michael Labit to be:

(a) Freedom from the use of excessive and unreasonably justified force against his person;

(b) Freedom from unlawful arrests and/or seizures; and,

(c) Loss of life without justification or due process of law.

**COUNT ONE:**
**42 U.S.C. § 1983 AGAINST INDIVIDUAL DEFENDANT**

**18.**

Paragraphs 1 through 16 are incorporated herein by reference as though fully set forth.

**19.**

Plaintiff, Mary Ann Gachassin, on behalf of her deceased son, Shannon Michael Labit, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the defendant, Sheriff Deputy Isaiah Rochon both in his individual capacity and in his official capacity as a sheriff deputy for the Parish of Iberia, for violation of his constitutional rights under Color of Law.

## COUNT TWO:
## ASSAULT AND BATTERY AGAINST THE INDIVIDUAL DEFENDANT

**20.**

Paragraphs 1 through 16 are incorporated herein by reference as though fully set forth.

**21.**

Defendant, Sheriff Deputy Isaiah Rochon without provocation or justification shot and wrongfully killed Shannon Michael Labit, in violation of Louisiana state law, specifically, La. C.C. art. 2315, et seq.

**22.**

At all times material and present, defendant Sheriff Deputy Isaiah Rochon, was acting within the course and scope of his employment as a sheriff's deputy with the Iberia Parish Sheriff's Office, and therefore, Louis M. Ackal as the duly elected sheriff of the Parish of Iberia is vicariously liable pursuant to Louisiana state law for the wrongful death, committed by his employee, Sheriff Deputy Isaiah Rochon.

## COUNT THREE:
## WRONGFUL DEATH AGAINST THE INDIVIDUAL DEFENDANT

**23.**

Paragraphs 1 through 16 are incorporated herein by reference as though fully set forth.

**24.**

Prior to and including July 3, 2016, the Louis M. Ackal as the duly elected sheriff of the Parish of Iberia developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of the people of Iberia Parish, especially its mentally ill citizens, specifically regarding the use of excessive force and/or unjustified force, which caused the violation of Shannon Michael Labit's constitutional rights.

**25.**

It was the policy and/or custom of the Louis M. Ackal as the duly elected sheriff of the Parish of Iberia to inadequately and improperly investigate complaints of deputy misconduct in handling of the mentally ill and in the inappropriate use of deadly or excessive force, and the acts of such misconduct which were instead tolerated by the sheriff.

**26.**

It was the policy and/or custom of the Louis M. Ackal as the duly elected sheriff of the Parish of Iberia, to inadequately supervise and/or train his sheriff deputies, including the defendant deputy, regarding the proper handling of the mentally ill, the appropriate use of deadly force, and avoidance of excessive force, among other matters, thereby failing to adequately discourage further constitutional violations on the part of his sheriff deputies.

**27.**

As a result of the above described policies and/or customs, deputies with the Iberia Parish Sheriff's Office, including the defendant, Sheriff Deputy Isaiah Rochon, believed that his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

**28.**

The above described policies and customs demonstrate a deliberate indifference on the part of the policy makers of the Sheriff of the Parish of Iberia to the constitutional rights of persons within the Parish of Iberia and were the cause of the violations of plaintiff's rights alleged herein.

**<u>COUNT FOUR</u>**

**29.**

Paragraphs 1 through 16 are incorporated herein by reference as though fully set forth.

**30.**

Further, plaintiff specifically alleges defendant, Louis M. Ackal as the duly elected sheriff of the Parish of Iberia, condoned the establishment of practices, procedures, customs, and policies, written and unwritten, which allowed the deprivation of plaintiff's constitutional rights as set out herein. Such written and unwritten practices, procedures, customs, and policies include but are not limited to:

(a) Inadequate and improper training, education, supervision, and discipline of law enforcement agents/officers/deputies commissioned and employed by it;

(b) Condoning and allowing police behavior that has been declared unconstitutional and unlawful; and,

(c) Inadequate and improper procedures, policies and practices for identifying and taking appropriate action against law enforcement agents/officers/deputies and employees who are in need of re-training, corrective measures, re-assignment, or other disciplinary and non-disciplinary actions through a positive and early warning system designed to prevent the violations of citizens' constitutional and civil rights, including those of plaintiff.

**31.**

As a result of their unlawful and unconstitutional conduct, defendants, Louis M. Ackal as the duly elected sheriff of the Parish of Iberia, and Sheriff Deputy Isaiah Rochon, both individually, and in his official capacity as a sheriff deputy for the Parish of Iberia; jointly, individually and *in solido,* deprived plaintiff of his civil rights under 42 U.S.C. § 1983. Said defendants are liable, individually, jointly and *in solido,* unto plaintiff for such damages.

**32.**

The malicious actions, lack of actions, breach of duties, negligence and gross negligence of defendants individually and/or together caused physical and emotional harm and ultimately the

death of Shannon Michael Labit and constitute wrongful and intentional torts under Louisiana Civil Code Articles 2315, 2315.1(3), 2315.2(3), 2315.6, 2316, and 2320, et seq.

**33.**

The defendant, Louis M. Ackal as the duly elected sheriff of the Parish of Iberia, acted in violation of Louisiana Civil Code Article 2315 and 2316 by negligently hiring, training, supervising and disciplining of the defendant, Sheriff Deputy Isaiah Rochon, regarding the confronting of persons, especially the mentally ill, shooting of persons, and/or the use of excessive and deadly force.

**34.**

As a direct and proximate cause of the negligence and intentional acts, and constitutional torts and violations of his civil rights under 42 U.S.C. § 1983 and other Louisiana laws, plaintiff suffered damages and mental anguish caused by the death of Shannon Michael Labit.

**WHEREFORE**, Plaintiff, Mary Ann Gachassin, individually and on behalf of her deceased son, Shannon Michael Labit, prays that a jury trial be had as to the issues triable by jury; that compensatory damages to be fixed by a jury against the defendants, individually, jointly, and *in solido,* be awarded; that punitive damages to be fixed by a jury against the Defendant, Sheriff Deputy Isaiah Rochon, in his personal and/or individual capacity be awarded, including punitive damages; that all costs of this action be assessed against the defendants, individually, jointly, and *in solido*; that attorney's fees be awarded herein to Plaintiff and that such attorney's fees be assessed against the defendants, individually, jointly, and *in solido*; and, for any and all other relief that this Court deems just and proper.

Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Lafayette, Louisiana 70502-52 7050150
Telephone: (337) 234-7573
Facsimile: (337) 233-3890


s/<u>L. Clayton Burgess</u>
**L. CLAYTON BURGESS, T.A.** (22979)
Attorney for Plaintiff